

U.S. Department of Justice

United States Attorney
District of Connecticut

*Connecticut Financial Center*　　*(203) 821-3700*
*157 Church Street, 25th Floor*　　*Fax (203) 773-5376*
*New Haven, Connecticut 06510*　　*www.justice.gov/usao/ct*

February 22, 2018

John D. Pappalardo, Esq.
Angelo G. MacDonald, Esq.
Pappalardo & Pappalardo, LLP
700 White Plains Road, Suite 355
Scarsdale, NY 10583

Re:   *United States v. Vanessa Vence-Small*
      Case No. 3:18CR 31 (JAM)

Dear Attorneys Pappalardo and MacDonald:

This letter confirms the plea agreement between your client, Vanessa Vence-Small (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to waive her right to be indicted and to plead guilty to a one-count information charging her with wire fraud, in violation of 18 U.S.C. § 1343. The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. There was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in Count One of the information;

2. The defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

3. In the execution of that scheme, the defendant used or caused the use of the interstate wires as specified in Count One of the information.

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 2*

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense, which is $2,287,778.30; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $1,127,642.92 to Felix F. Callari, Inc. ("Callari"), doing business as Continental BMW of Darien. Callari was insured for part of the loss by Chubb Custom Insurance Company and Travelers Casualty & Surety Company of America. The defendant agrees to make such restitution pursuant to the schedule ordered by the Court.

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 3*

Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

**COLLECTION OF FINANCIAL OBLIGATIONS**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, including but not limited to:

1. The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant understands and agrees that her financial statement and disclosures will be complete, accurate, and truthful.

2. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on her in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 4*

the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 5*

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. That level is increased by 14 levels under U.S.S.G. § 2B1.1(b)(1)(H) because the parties agree that the loss which the government can prove by a preponderance of the evidence is $1,143,889.15. Two levels are added under U.S.S.G. § 3B1.3 because the defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 20.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 20, assuming a Criminal History Category I, would result in a range of 33 to 41 months of imprisonment (sentencing table) and a fine range of $15,000 to the greatest of twice the gross gain, twice the gross loss, or $250,000, U.S.S.G. § 5E1.2(c)(3), (c)(4), and (h). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2(a)(2).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction and sentence. The defendant agrees not to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will she pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 41 months of imprisonment, a three-year term of supervised release, a $100 special assessment, a fine of $100,000, and a restitution order of $1,127,642.92, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 6*

regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that she is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that she is knowingly and intelligently waiving her right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 7*

oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 8*

vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in a wire fraud scheme to defraud Felix F. Callari, Inc., doing business as Continental BMW of Darien, from October 2014 through June 2017, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 9*

    This letter shall be presented to the Court, in open court, and filed in this case.

                                      Very truly yours,

                                      JOHN H. DURHAM
                                    UNITED STATES ATTORNEY

                                    HAROLD H. CHEN
                                    ASSISTANT UNITED STATES ATTORNEY

    The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

VANESSA VENCE-SMALL                2/22/18
The Defendant                             Date

    I have thoroughly read, reviewed and explained this plea agreement and its attachments to my client who advises me that she understands and accepts its terms.

JOHN D. PAPPALARDO, ESQ.           2/22/18
ANGELO G. MacDONALD, ESQ.         Date
Attorneys for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

Felix F. Callari, Inc., doing business as Continental BMW of Darien ("Callari"), is an automobile dealership in Fairfield County, Connecticut. On or about August 25, 2014, Callari hired the defendant, Vanessa Vence-Small, to work as the controller at the dealership. The defendant resides in New Windsor, New York. On or about June 20, 2017, Callari terminated the defendant's employment after learning of the offense conduct and relevant conduct described below.

A forensic examination of Callari's financial records shows that beginning on or about October 30, 2014, to on or about June 6, 2017, the defendant made 65 electronic fund transfers, primarily via telephone, from Callari's First County Bank account in Connecticut to pay her personal American Express credit card account. The American Express computer servers that received these 65 electronic payments were located in states other than Connecticut, including North Carolina. The total amount for these 65 unauthorized electronic fund transfers to the defendant's American Express account is $904,659.29.

With respect to Count One of the information, the defendant agrees that, on or about April 21, 2017, she knowingly caused $18,567.00 to be wired from Callari's First County Bank account in Connecticut to pay American Express, which processed the payment in North Carolina. She further agrees that, when she did so, she knew these funds rightfully belonged to Callari and not herself.

In addition, the defendant agrees that from on or about January 27, 2015, to on or about April 14, 2017, she issued and signed 28 checks drawn on Callari's First County Bank account in Connecticut to pay her and other individuals' expenses. The defendant used these checks to pay various third parties, including credit card companies other than American Express, contractors who performed work at her residence, and a Ford dealership from which she purchased a car. These 28 checks issued by the defendant from Callari's bank account total $207,777.78.

Finally, the defendant agrees that she incurred on Callari accounts a combined total of $31,452.08 in unauthorized CitiCard reimbursements, Delta Skymiles credit card charges, and Federal Express shipping payments. Accordingly, the parties stipulate that from August 25, 2014, to June 23, 2017, the total loss to Callari resulting from the defendant's offense conduct and relevant conduct is $1,143,889.15 (i.e., the sum of $904,659.29 + $207,777.78 + $31,452.08).

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 11*

      This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
VANESSA VENCE-SMALL
The Defendant

_____
HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

_____
JOHN D. PAPPALARDO, ESQ.
ANGELO G. MacDONALD, ESQ.
Attorneys for the Defendant

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 12*

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I)  the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the

*John D. Pappalardo, Esq.*
*Angelo G. MacDonald, Esq.*
*February 22, 2018*
*Page 13*

defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.